IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL McMINN, Parent and
Next Best Friend of M; and
STELLA McMINN, Parent and
Next Best Friend of M                                    PLAINTIFFS

v.                      No. 3:16-cv-23-DPM

SLOAN-HENDRIX
SCHOOL DISTRICT                                          DEFENDANT

ORDER

Sad circumstances give rise to this case. M was a special education student at Sloan-Hendrix School District. He suffered from cerebral palsy and various developmental delays. Over a period of several weeks in 2014, M was sexually assaulted by another student in the school bathroom. After noticing some changes in M's habits, the school investigated. Eventually M told the counselor that another student, S, had, among other things, put "his front booty into [M]'s back booty." № 25-19 at 202. M's parents, the McMinns, eventually requested a due process hearing with the Arkansas Department of Education. They alleged that the District had failed to follow M's Individualized Education Program and, in doing so, had denied M a

free appropriate public education. A hearing officer heard the case and awarded the McMinns some relief. No one appealed. The McMinns have sued for attorney's fees under the Individuals with Disabilities Education Act and for damages for the sexual abuse. They claim the District violated several civil rights statutes. The McMinns moved for partial summary judgment on the fees issue. The District moved for summary judgment on all claims. And the McMinns asked the Court to postpone ruling until discovery was completed. The Court held the motions until after the discovery period ended.

**IDEA Fees.** The McMinns prevailed at the IDEA hearing. To be considered the prevailing party, a plaintiff must show relief on the merits that "materially alters the legal relationship between the parties." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Here, the hearing officer found that M was denied a free appropriate public education and that the District failed to carry out its IEP. *№ 19-4 at 25–26.* That's relief on the merits. And the District was ordered to provide seventy hours of compensatory education, ten hours of occupational therapy, and four hours of physical therapy. *Ibid.* That's enough to show a legal change in the relationship. *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002). Contrary to the District's arguments, this was more than *de minimus* relief. The McMinns are entitled to reasonable attorney's fees. 20 U.S.C. § 1415(i)(3)(B)(i).

The requested fees aren't reasonable, though. The proposed rates are too high for Northeast Arkansas. This Court confronted similar circumstances in *Surles v. Pocahontas School District*, No. 3:16-cv-183-DPM, Order № 35. As in *Surles*, an hourly rate of $250 for lead counsel best captures the expertise, uncertainty, and complexity involved. An hourly rate of $180 for less experienced counsel is also appropriate. The due process issues covered a two-year period. There were many exhibits and witnesses. The requested hours must be trimmed nonetheless to reflect several circumstances: the modest success achieved; the work on non-FAPE related issues; the extra hearing time for what was essentially discovery on the statutory claims now alleged in this case; some travel time that could have been reduced by a hotel stay during the multi-day hearing; and some excess time spent on routine matters, such as FOI requests. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). The Court applauds the pre-motion reduction of time actually spent, but the hours must be further reduced to be a reasonable fee. All material things considered, the Court approves eighty hours of work by lead counsel, thirty hours of work by Cone, and all the time requested for Fendley's fee-related work.

Next, expenses. These are unchallenged and reasonable in general, except the Court can't tax the private process server's fee as a cost. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). It will be subtracted.

Here are the final numbers:

| | |
|---|---:|
| Expenses: | $ 858.62 |
| Caldwell (80 hrs x $250): | $ 20,000.00 |
| Cone (30 hrs x $180): | $ 5,400.00 |
| Fendley (23.6 hrs x $180): | $ 4,248.00 |
| Total: | $ 30,506.62 |

The $30,506.62 total will be taxed as costs in the Judgment. 20 U.S.C. § 1415(i)(3)(B)(i).

**ADA and § 1983.** The District is entitled to summary judgment on these claims. First, there isn't a policy or custom at work here; and the McMinns' don't argue the § 1983 claims. Second, the ADA claims fail because the District didn't act with bad faith or gross misjudgment in dealing with the student-on-student sexual assault involving M. *B.M. ex rel Miller v. S. Callaway R-II Sch. Dist.*, 732 F.3d 882, 887–88 (8th Cir. 2013); *Smith ex rel. Townsend v. Special Sch. Dist. No. 1 (Minneapolis)*, 184 F.3d 764, 769 (8th Cir. 1999). The timeline is helpful. M's abuse began the week of November 17th. *№ 25-20 at 183*. M first told the school counselor on December 4th. *№ 25-19 at 195*. That same day, the superintendent took charge and M's parents were notified. *№ 25-19 at 200*. By the next morning, the state police were investigating. *№ 25-19 at 201*. M was never assaulted again. *№ 34 at 4*. The District's response to the sad facts was prompt. The parties dispute whether the District should have acted before the assault was reported. This issue

is more important on the Title IX and § 504 claims. Here, it's undisputed that the District acted as soon as what had happened to M became clear. In these circumstances, the Court shouldn't second-guess the decisions of professional educators. *B.M.*, 732 F.3d at 888; *M.Y. ex rel. J.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 888 (8th Cir. 2008).

**Title IX and § 504**. The record is too murky for the Court to decide if there's a genuine factual question about whether the District was deliberately indifferent to the sexual assaults on M. S's sexual aggression, combined with M's disability, is strong medicine. But the Court doesn't know precisely what the District knew and when. Under Title IX, a school is liable if it was "(1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control." *Ostrander v. Duggan*, 341 F.3d 745, 750 (8th Cir. 2003). The harassment must be also be "severe, pervasive, and objectively offensive" in order to count as discrimination. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). The sexual assaults on M were severe and objectively offensive. While the United States Court of Appeals has not definitively decided whether the deliberate-indifference standard applies to § 504 claims about student-on-student harassment, it has noted that the law's trend is to do so. *Estate of Barnwell ex rel. Barnwell v. Watson*, 880 F.3d 998, 1006 (8th Cir. 2018) (collecting cases). This Court will therefore review the District's actions for deliberate indifference under both Title IX and § 504.

Could a jury reasonably conclude that the District had prior knowledge about M's abuse? *K.T. v. Culver-Stockton College*, 865 F.3d 1054, 1058–59 (8th Cir. 2017). The Court needs a better timeline to answer this question. It's not clear from the record when S's bathroom assault on another student occurred, when it was reported, and if S later abused M. All of those circumstances are material because S's other prior acts of harassment, insofar as the current record shows, didn't give the District notice that he was dangerous in the bathroom. *Ostrander*, 341 F.3d at 751. Next, the Court needs to know more about the exact timing and nature of M's behavioral changes. They may have given the District some notice. His repeated requests for rubber gloves, for example, raised eyebrows. № 25-20 at 191. Was there any indication in his glove requests of either abuse or another student's involvement? As the record currently stands, the Court can't be sufficiently sure of what took place between 17 November 2014 and 5 December 2014. So the Court denies the District's motion on the Title IX and § 504 claims without prejudice and directs the parties to provide the following supplemental materials. The Court needs two things: a record-rooted timeline; and information about any prior substantially similar incidents involving S.

1. **A timeline of the events.**
   - The parties must collaborate and conduct some focused additional discovery as needed.
   - The District must take the lead on preparing the timeline.
   - The timeline must include specific page citations to the record and note where the parties agree or disagree. This timeline should be similar in form to a Local Rule 56.1 statement, *№ 17 at 3*, but should be a joint paper.
   - The timeline must include when S's bathroom dragging incident occurred, when it was reported, when ISS was imposed, and whether S was still allowed to go to the bathroom unaccompanied while in ISS.
   - The parties must clarify whether S's bathroom dragging incident was the same as the toilet paper incident. The Court is under the impression that it was, and that it was the only other bathroom incident involving S.
   - The timeline must indicate whether there's any evidence that M used the bathroom on December 4th.
2. **A list of any substantially similar assaults by S.**
   - The District must search its records back to 2011. If there are any events—other than the bathroom dragging incident—that could have given notice of S's sexual aggressiveness, then the District must disclose them to the McMinns by 26 March 2018.
   - The Court stands ready to enter a FERPA-compliant protective order, if necessary.

To accomplish all this, the Court reopens discovery for thirty days. The parties should file the timeline, the list, and any supplemental record by 18 April 2018. Simultaneous supplemental briefs—which should cite freely to record materials already filed, and incorporate arguments also made—are due by 27 April 2018. There's no need to re-file anything or re-argue points. The District may renew its motion for summary judgment in its brief; and the Court will consider the McMinns' supplemental brief as a response.

* * *

Motion for partial summary judgment, № 19, granted as modified. Cross-motion for summary judgment, № 29, partly denied (on IDEA fees), partly granted (on ADA and § 1983 claims), and partly denied without prejudice (on Title IX and § 504 claims). This case remains first-out for trial on 4 June 2018. All the pretrial deadlines, № 17 at 2, remain in place.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

12 March 2018